## Case No. 10,033.

### The NATHANIEL KIMBALL.

[4 Adm. Rec. 679.]

District Court, S. D. Florida. Jan., 1853.

SALVAGE — VESSEL ON REEF — PERIL — BAD WEATHER—AMOUNT.

[Cited in Baker v. The Slobodna, 35 Fed. 541, as an instance in which a salvage allowance of thirty per centum was given on the cargo saved dry, and fifty per centum on that saved by diving and working in the water; the vessel having gone ashore nine miles out from Key West, and cargo amounting to $56,093 saved by seven vessels and ninety-nine men.]

[This was a libel by George W. Carey and others against the cargo and materials of the wrecked ship Nathaniel Kimball for salvage compensation.]

The ship Nathaniel Kimball, from New Orleans to Liverpool, laden with cotton, during the night of the 16th of January last ran ashore on that part of the Florida Reef known as the "Easternmost Dry Rocks," situated nine miles from this town. The weather was very boisterous, and the wind heavy. Soon after striking the reef the ship

bilged, fell over on her larboard side, and filled with water. The master cut away the masts, to ease the ship, the sea making a complete breach over her. In the morning, the 17th of January, the libellants, being the masters and crews of the schooners Euphemia, G. L. Browne, Relampago, Champion, Lafayette, H. B. Hawkins, and Larinia,—in all ninety-nine men,—proceeded from Key West to the wreck. With considerable difficulty and danger they succeeded in boarding the wreck and in taking off the master and crew, who, to say the least, were very uncomfortably situated if not exposed to considerable peril. On the 18th, the gale having somewhat abated, the libellants commenced to save the cotton and ship's materials. They saved seven hundred and seventy-three bales of cotton in a dry and undamaged state, and about twelve hundred wet. The value of all the cargo and materials saved is $64,610.79. While the wreckers were employed in this service, the weather was more than commonly boisterous and windy, and the sea was high; so that their labors were often interrupted by the badness of the weather. In consequence of these interruptions their labors ran through a period of more than a month.

O. B. Hart, for libellants.
Wm. McCall, for claimants.

MARVIN, District Judge. Referring to the libel and answer for the more minute particulars of the case, I proceed to award the salvage which I think ought to be allowed. It is ordered, adjudged, and decreed, that there be allowed and paid to the owners, masters, and crews of the vessels composing the "first consortship," to wit, the Euphemia, G. L. Browne, Schr. Relampago, Champion, Lafayette, H. B. Hawkins, and Larinia, thirty per cent. upon the nett value of the property saved by them, after first deducting therefrom the costs and expenses of this suit, the wharfage, storage, and bills for labor in landing and storing and arranging for sale the cargo and materials; the gross value of the cargo and materials saved by the said first consortship being, according to the marshal's account sales and the appraisement $30,639.78; marshal's sales, $23,040.49; sold by Bowne and Curry, $2,413.62; in all $56,093.89. That there be allowed to the second consortship, composed of the same vessels with some difference in the men, $291.11, being thirty per cent. of the value of the property saved by them. That there be allowed to the third and subsequent consortships as numbered and set forth in the marshal's account sales the one-half of the proceeds of the sales of the property according to said account sales; the property having been saved by diving and working in the water. That there be allowed to the boats Union, Water Witch, and Caroline and Isaac $110.61, being the one-half of the pro-

ceeds of the sale of materials saved by them and sold by Bowne and Curry. That there be allowed to the boats Union, Water Witch, and Caroline $150.60, being the one-half of the proceeds of sales of materials saved by them and sold by Bowne and Curry. That the marshal restore that part of the cargo remaining unsold to the master for and on account of whom it may concern. That the clerk pay the costs and expenses of the suit, the wharfage, storage, and bills for labor out of the proceeds of sales in court, and restore the residue to the master for and on account of whom it may concern.